ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **EDNA I. VÁZQUEZ GORDILS**<br>DEMANDANTE(S)-APELADA(S)<br><br><br>V.<br><br><br>**BAUDILIO GORDILS RIVERA, DORALIA RIVERA GREGORY, JORGE JOSEPH GARCÍA GREGORY Y OTROS**<br>DEMANDADA(S)-APELANTE(S) | **TA2025AP00350** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE**<br><br>Caso Núm. **PO2021CV02698** (602)<br><br>Sobre:<br>Extinción de Comunidad de Bienes y Desahucio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 10 de diciembre de 2025.

Comparece ante este Tribunal de Apelaciones, los señores **BAUDILIO GORDILS RIVERA Y LA SUCESIÓN GERMÁN RIERA LÓPEZ** (el señor **GORDILS RIVERA Y OTROS**) mediante *Apelación Civil* instada el 18 de septiembre de 2025. En su escrito, nos solicitan que revisemos la *Sentencia* decretada el 4 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce.[1] En dicha decisión, habiendo anotado la rebeldía el 30 de julio de 2024,

---

[1] Este dictamen judicial fue notificado y archivado en autos el 8 de octubre de 2024. Apéndice de la *Apelación Civil*, entrada núm. 211 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). En su comparecencia, el señor **GORDILS RIVERA** incluyó a la **SUCESIÓN GERMÁN RIERA LÓPEZ**. Empero, conforme a un *Acuerdo de Relevo y Estipulación Transaccional* suscrito el 26 de mayo de 2022, la **SUCESIÓN GERMÁN RIERA LÓPEZ** y **GERMÁN MARIANO RIERA GREGORY** transigieron cualquier diferencia y pusieron fin a su reclamación mediante la adjudicación de una propiedad a favor de **ENID I. VÁZQUEZ GORDILS;** pago a favor de Doralia Riera Gregory; y la renuncia de Jorge A. García Gregory y Jay A. García Gregory a su participación en los bienes del caudal. El 27 de junio de 2022, se decidió la *Sentencia Parcial por Estipulación* en la cual se impartió la aprobación a la estipulación transaccional y se incorporó sus términos haciéndolas formar parte integra de la determinación. Entradas núm. 75 y 78 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

el foro apelado declaró ha lugar la *Demanda* promovida por la señora **EDNA VÁZQUEZ GORDILS** (señora **VÁZQUEZ GORDILS**) y ordenó: (i) al señor **GORDILS RIVERA** efectuar el pago de $1,383.00 por concepto de su obligación del pago de contribución territorial (CRIM); el pago de cánones de arrendamiento de $1.00 mensual desde el 28 de febrero de 1991 hasta el 30 de septiembre de 2024 para un total de $391.00; (ii) el desalojo de las edificaciones dentro de treinta (30) días, so pena de desacato y el pago de las costas; y (iii) requirió a la señora **VÁZQUEZ GORDILS** someter una tasación de la propiedad en un plazo de cuarenta y cinco (45) días.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

El 17 de noviembre de 2021, la señora **VÁZQUEZ GORDILS** incoó una *Demanda* sobre extinción de comunidad de bienes.[2] Argumentó que realizó, sin éxito, gestiones dirigidas a terminar la comunidad de bienes con el señor **GORDILS RIVERA Y OTROS**. Añadió que tenía el derecho de extinguir la comunidad de bienes y se le acreditara la proporción de participación por los desembolsos en los que incurrió a favor de la comunidad.

El 19 de enero de 2022, el señor **GORDILS RIVERA** presentó su *Contestación a la Demanda* conteniendo sus defensas afirmativas.[3] Entre ellas, ostentaba la posesión de la propiedad en controversia por más de treinta (30) años y la falta de parte indispensable: su esposa. El 16 de febrero de 2022, la señora **VÁZQUEZ GORDILS** presentó *Moción Solicitando Autorización para Enmendar la Demanda* con el propósito de incluir como terceros demandados a: Carmen Castro Rosado, Agustín Hernández

---

[2] Entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). En ese momento, la parte demandada era: el señor **BAUDILIO GORDILS RIVERA**; la **SUCESIÓN GERMÁN RIERA LÓPEZ** compuesta por la señora Doralia Riera Gregory; y la Sucesión Germán Mariano Gregory, la cual, a su vez, estaba compuesta por los señores Doralia Riera Gregory, Jorge Joseph Alonso García y George Alfred García Gregory.

[3] Entrada núm. 20 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). Para esa fecha, su representación legal era el licenciado Julio César Silvagnoli Collazo.

Maldonado, **JEANNETTE GONZÁLEZ THILLET** (señora **GONZÁLEZ THILLET**), Julio E. Gordils Castro, Cristóbal Castro, José Luis Castro, Miguel Vargas, Teresa Castro, Myriam Alvarado, Juana y Juan Del Pueblo.[4]

El 24 de junio de 2022, la señora **VÁZQUEZ GORDILS** y los señores Doralia Riera Gregory, Jorge A. García Gregory t/c/c George Alfred García Gregory y Jay A. García Gregory t/c/c Jay Joseph Alonso García Gregory (miembros de la **SUCESIÓN GERMÁN RIERA LÓPEZ** y **SUCESIÓN GERMÁN RIERA GREGORY**), presentaron un *Acuerdo de Relevo y Estipulación Transaccional*.[5]

Más tarde, el 5 de septiembre de 2023, el señor **GORDILS RIVERA** y los señores Carmen Castro Rosado, Agustín Hernández Maldonado, José Luis Castro Torres, Julio E. Goldils Castro, y **JEANNETTE GONZÁLEZ THILLET** presentaron su *Contestación a la Demanda Enmendada*.[6]

A continuación, el 15 de mayo de 2024, el licenciado Casiano Rivera, presentó *Moción sobre Relevo de Representación Legal* en la cual adujo la necesidad imperiosa de seguir su tratamiento médico.[7] El mismo día, mediante *Orden* se les concedió un período de treinta (30) días para anunciar nueva representación legal.[8]

Luego de varios incidentes procesales, el 29 de julio de 2024, la señora **VÁZQUEZ GORDILS** presentó *Moción para que se le Anote la Rebeldía a la Parte Demandada por Incumplimiento de la Orden de este Tribunal del 16 de Julio*

---

[4] Para efectos de aclarar quienes continúan en el pleito, hacemos un breve resumen de los acontecimientos. Los señores Miguel Vargas y Teresa Castro fallecieron, por lo que, el 20 de febrero de 2023, se informó sobre su defunción al tribunal, y no hubo sustitución de parte. En relación con los señores Cristóbal Castro y Myriam Alvarado, el 27 de marzo de 2023, se les anotó la rebeldía por no comparecer al pleito. Desde el 5 de septiembre de 2023, los señores Agustín Hernández Maldonado, Julio E. Gordils Castro, José Luis Castro Torres, **BAUDILIO GORDILS RIVERA** y **JEANNETTE GONZÁLEZ THILLET** comparecieron de manera conjunta hasta el relevo de su representación legal. Posteriormente, la señora **JEANNETTE GONZÁLEZ THILLET** obtuvo nueva representación legal y continuó de manera individual. Entradas núm. 60, 62, 68, 72, 108, 123 y 149 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[5] Véase nota al calce núm. 1.

[6] Entrada núm. 149 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). La representación legal era el licenciado Jesús Casiano Rivera.

[7] Entradas núm. 170 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[8] Entradas núm. 171 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

*de 2024 Notificada el 17 de Julio de 2024.*[9] Así las cosas, el 30 de julio de 2024, se resolvió esta *Orden*:

> [...] Se anota la rebeldía a las partes Co-demandadas, por su incumplimiento reiterado con las [ó]rdenes del 16 de julio de 2024, notificada el 17 de julio de 2024, (Sumac 184) en la que se le impuso una sanción de $100.00, por su incumplimiento con la Orden del 2 de julio de 2024, la cual tenía que ser consignada dentro del término de 10 días en el tribunal. A su vez, se le apercibió que de no cumplir con lo Ordenado el 2 de julio de 2024, el tribunal le anotaría la rebeldía en el presente caso. Secretaría notifique a la dirección de récord de la parte demandada.[10]

En vista de ello, el 4 de octubre de 2024, se dictó la *Sentencia* recurrida. El 24 de octubre de 2024, la señora GONZÁLEZ THILLET presentó *Escrito Asumiendo Representación Legal* para que se aceptara a la licenciada Carla T. Rodríguez Bernier como su representación legal; y una *Solicitud de Reconsideración*.[11] Reseñó, entre otras cosas, que la *Sentencia* violentó su debido proceso de ley, cuando tanto su familia como ella lleva residiendo en la propiedad inmueble construida, en carácter de dueña, durante los últimos sesenta y dos (62) años.

Por su parte, el 28 de octubre de 2024, el señor GORDILS RIVERA Y OTROS presentaron *Solicitud se Deje Sin Efecto Anotación de Rebeldía y en Reconsideración a Sentencia*.[12] Expusieron que, al momento de la *Sentencia*, no contaban con representación legal y requerían tiempo adicional para poder gestionarlo. Suplicaron que se levantara la anotación de rebeldía, y se reconsiderara la *Sentencia*, toda vez que el no hacerlo implicaría que no tendrían la oportunidad de presentar su prueba y ser escuchados con relación a sus derechos de rango constitucional.

---

[9] Entrada núm. 187 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[10] Entrada núm. 188 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[11] Entradas núm. 218 y 219 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI). Discernimos que la petición de reconsideración presentada por la señora VÁZQUEZ GORDILS aún no ha sido adjudicada por el foro de instancia.

[12] Apéndice de la *Apelación Civil*, entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

El 11 de noviembre de 2024, la señora **VÁZQUEZ GORDILS** presentó *Moción en Oposición a Solicitud de Reconsideración.*[13] A los pocos días, el 19 de noviembre de 2024, la señora **VÁZQUEZ GORDILS** presentó *Moción en Oposición a Solicitud se Deje Sin Efecto Anotación de Rebeldía y en Reconsideración a Sentencia.*[14]

Seguidamente, el 26 de junio de 2025, se falló *Resolución* declarando no ha lugar a la *Solicitud se Deje Sin Efecto Anotación de Rebeldía y en Reconsideración a Sentencia.*[15] De próximo, el 11 de julio de 2025, el señor **GORDILS RIVERA Y OTROS** presentaron una *Solicitud para Determinaciones de Hecho y Conclusiones de Derecho.*[16] El 13 de agosto de 2025, el foro apelado precisó *Resolución (Entrada 249 al 256)* en la cual declaró no ha lugar la *Solicitud para Determinaciones de Hecho y Conclusiones de Derecho* y mantuvo su *Resolución* promulgada el 26 de junio de 2025.[17]

En desacuerdo, el 18 de septiembre de 2025, el señor **GORDILS RIVERA Y OTROS** acudieron ante este foro intermedio revisor mediante *Apelación Civil* señalando los siguientes errores:

> Erró el Tribunal de Primera Instancia al dictar Sentencia en rebeldía sin permitir que los apelantes tuvieran su día en corte, a pesar de que existía fecha señalada para juicio y los demandados estaban en gestiones de representación legal, lo que constituye una violación flagrante al debido proceso de ley.
>
> Erró el Tribunal al extender los efectos de las adjudicaciones del pleito previo (JAC2014-0698) a los terceros demandados, quienes no fueron parte en dicho pleito y, por ende, no están vinculados por la cosa juzgada.
>
> Erró el Tribunal al dar valor legal a las admisiones de Baudilio Gordils Rivera, cuando dichas expresiones no atan a los terceros demandados, quienes tienen personalidad y defensa propia.

---

[13] Entrada núm. 224 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[14] Entrada núm. 226 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TPI).

[15] Notificada y archivada en autos el 27 de junio de 2025. Apéndice de la *Apelación Civil,* entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[16] Apéndice de la *Apelación Civil,* entrada núm. 4 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[17] Apéndice de la *Apelación Civil,* entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Erró el Tribunal al calificar a los apelantes como "precaristas" sin celebrar vista evidenciaría y sin darles oportunidad de presentar prueba de su posesión por más de 50 años, suficiente para configurar la prescripción adquisitiva extraordinaria conforme al Artículo 1857 del Código Civil de 1930 (31 L.P.R.A. § 5261), siendo improcedente el remedio sumario de desahucio ante una controversia de título.

Erró el Tribunal al imponer cánones de arrendamiento retroactivos desde 1991, sin base contractual ni relación arrendaticia que justificara tal condena, y sin que pueda nacer una obligación arrendaticia e*x nihilo*.

Erró el Tribunal al declarar "no ha lugar" la Moción de Reconsideración sin fundamentación y al denegar la solicitud de determinaciones de hechos y conclusiones de derecho, a pesar de haber sido oportunamente solicitadas, en violación a la Regla 43.2 de Procedimiento Civil y al debido proceso de ley.

Erró el Tribunal al privar a los apelantes de sus derechos fundamentales al debido proceso de ley y acceso a los Tribunales, garantizados por la Constitución del Estado Libre Asociado de Puerto Rico y la Constitución de los Estados Unidos.

El 25 de septiembre de 2025, la señora **VÁZQUEZ GORDILS** presentó una *Solicitud de Desestimación del Recurso por Ausencia de Jurisdicción*. Sustenta que el recurso fue presentado tardíamente, puesto que la *Solicitud se Deje Sin Efecto Anotación de Rebeldía y en Reconsideración a Sentencia* presentada el 28 de octubre de 2024 por el señor **GORDILS RIVERA Y OTROS** no interrumpió el intervalo que venció el 7 de noviembre de 2024.

Al día siguiente, 26 de septiembre de 2025, la señora **GONZÁLEZ THILLET** presentó una *Moción Informativa y Aclarando Comparecencia*, en la cual dilucidó que las determinaciones que el señor **GORDILS RIVERA Y OTROS** solicitan se confieran, no le compete, toda vez que su solicitud de reconsideración aún está ante la consideración del tribunal de instancia.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A – *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[18] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[19]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[20] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[21]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[22]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal*

---

[18] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).
[19] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[20] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[21] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).
[22] *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA,* 204 DPR 89, 101-102 (2020).

*al cual se recurre"*.[23] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[24]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[25]

### - B – *RECONSIDERACIÓN*

La parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia podrá, dentro del término *de cumplimiento estricto* o *jurisdiccional* de **quince (15) días desde la fecha de archivo en autos de copia de la notificación** de la orden, resolución o sentencia, presentar una moción de reconsideración. Dicho escrito debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que debe reconsiderarse y fundarse en cuestiones sustanciales atañidas con las determinaciones de hechos pertinentes o conclusiones de derecho.[26] Una vez presentada oportunamente la moción de reconsideración, quedarán interrumpidos los términos para recurrir en alzada para todas las partes luego de la debida notificación al resto de las partes.[27] Estos lapsos "comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración".[28]

---

[23] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[24] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[25] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 115-116, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico" y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente".*

[26] *Marrero Rodríguez v. Colón Burgos,* 201 DPR 330, 337- 338 (2018).

[27] Ello dentro del término de cumplimiento estricto o jurisdiccional de quince (15) días.

[28] Regla 47 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V R. 47; *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742 (2023); *Marrero Rodríguez v. Colón Burgos, supra,* pág. 338.

Empero, cuando la moción de reconsideración es presentada incumpliendo con las Reglas de Procedimiento Civil de 2009, la parte afectada solo dispone del tiempo que le resta del término jurisdiccional de treinta (30) días para presentar su apelación o *certiorari*.[29] Una vez transcurridos los mencionados plazos, el tribunal pierde *jurisdicción* sobre el caso.

Dicho esto, para que una moción de reconsideración acate las exigencias de nuestro ordenamiento, es ineludible que se expongan con suficiente particularidad y especificidad los hechos y el derecho aplicable.[30] Esto implica que, si se presenta una petitoria de reconsideración sin la suficiente especificidad y particularidad, no interrumpe el término para recurrir ante nuestro tribunal. Consecuentemente, la Regla 47 de las de Procedimiento Civil de 2009 apuntala:

> [L]a moción de reconsideración que no cumpla con las especificidades de esa regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir. Ante estos escenarios, en caso de que una parte haya acudido al Tribunal de Apelaciones fuera del término de 30 días a partir de la notificación de la sentencia del Tribunal de Primera Instancia que interesa revisar, su recurso resultaría tardío.[31]

Esto infiere que este Foro "tendría la obligación de declararse sin jurisdicción, pues sabemos que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción y debe ser desestimado".[32]

### - C - DETERMINACIONES DE HECHOS Y DE DERECHO ADICIONALES

Las Reglas de Procedimiento Civil de 2009 proveen varios mecanismos posteriores a una sentencia, resolución u orden, para aquella parte que resulte perdidosa por un dictamen concretado por el Tribunal de Primera Instancia. Entre estos, se encuentran la solicitud de enmienda o

---

[29] Regla 52.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52. Si el Estado es parte, este término jurisdiccional es de sesenta (60) días. *Íd.*

[30] *Marrero Rodríguez v. Colón Burgos, supra,* pág. 338.

[31] 32 LPRA Ap. V, R. 47. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 174, 179 (2016). Una moción así presentada no paralizaría el vencimiento.

[32] *Íd.,* pág. 175. (Énfasis suplido).

determinaciones de hechos iniciales o adicionales; reconsideración; nuevo juicio; errores de forma; errores no perjudiciales; y ejecución.

Así, la Regla 43.1 de las de Procedimiento Civil de 2009, sobre enmiendas o determinaciones iniciales o adicionales, lee:

> No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, pero a moción de parte, presentada a más tardar **quince (15) días después de haberse archivado en autos copia de la notificación de la sentencia**, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes si éstas no se hubiesen hecho por ser innecesarias, de acuerdo con la Regla 42.2, podrá enmendar o hacer determinaciones adicionales o podrá enmendar la sentencia en conformidad. **Si una parte interesa presentar una moción de enmiendas o determinaciones iniciales o adicionales, reconsideración o de nuevo juicio, éstas deberán presentarse en un solo escrito y el tribunal resolverá de igual manera**. En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente, aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, no haya presentado una moción para enmendarlas o no haya solicitado sentencia.
> La moción de enmiendas o determinaciones iniciales o adicionales se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal. El término será de cumplimiento estricto. (Énfasis nuestro).

## - III -

En el caso de marras, el **4 de octubre de 2024**, el Tribunal de Primera Instancia, Sala Superior de Ponce, emitió *Sentencia* en la cual declaró ha lugar la *Demanda* sobre extinción de comunidad de bienes. Su notificación y archivo en autos fue efectuado el **8 de octubre de 2024** y depositado en el servicio postal el **9 de octubre de 2024**.

Contrariada, el 24 de octubre de 2024, la señora **GONZÁLEZ THILLET** presentó su *Solicitud de Reconsideración*. Ante su discrepancia, el **28 de octubre de 2024**, el señor **GORDILS RIVERA Y OTROS** presentaron una *Solicitud se Deje Sin Efecto Anotación de Rebeldía y en Reconsideración a Sentencia*.[33] La presentación de esta última fue tardía, toda vez que los quince

---

[33] El 11 de julio de 2025, el señor **GORDILS RIVERA Y OTROS** presentaron una *Solicitud para Determinaciones de Hecho y Conclusiones de Derecho* la cual no tuvo efecto jurídico alguno. Ello por no haberse incluido en el mismo escrito intitulado *Solicitud se Deje Sin Efecto Anotación de Rebeldía y en Reconsideración a Sentencia* conforme requerido por la Regla 43.1 de las de Procedimiento Civil de 2009.

(15) días para la moción de reconsideración vencieron el **24 de octubre de 2024**.

Ahora bien, en conformidad con la Regla 47 de las de Procedimiento Civil de 2009, la presentación oportuna una moción de reconsideración, interrumpe los treinta (30) días para recurrir en alzada **para todas las partes** en el pleito. Aun estando pendiente de adjudicación de la *Solicitud de Reconsideración,* el señor **GORDILS RIVERA Y OTROS** presentaron el recurso de *Apelación Civil* que nos ocupa. Por tanto, es forzoso concluir que el señor **GORDILS RIVERA Y OTROS** recurrieron ante nos de manera prematura. Como resultado, procede la ***desestimación*** de la *Apelación Civil* por falta de *jurisdicción* ante su presentación prematura.

- IV -

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por falta de *jurisdicción*, la *Apelación Civil* promovida el 18 de septiembre de 2025 por el señor **GORDILS RIVERA Y OTROS**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones